# ATTACHMENT 1

FILED/REC'D
2026 OCT 13 A 12:52
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

# COMPLAINT FORM

**(for non-prisoner filers without lawyers)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** Western **DISTRICT OF** Wisconsin

(Full name of plaintiff(s))

Jeffrey Jerome Hazuga

vs

(Full name of defendant(s))

See attached Complaint

Case Number: 26 CV 1021 WMC

(to be supplied by clerk of court)

A. PARTIES

1. Plaintiff is a citizen of Wisconsin (State) and resides at

N6894 690th St. Menomonie, WI 54751
(Address)

(If more than one plaintiff is filing, use another piece of paper).

2. Defendant ______________________________________________
(Name)

is (if a person or private corporation) a citizen of ______________________
(State, if known)

and (if a person) resides at _____________________________________
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for _____________________________________________
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:

1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

See attached Complaint

FILED/REC'D
2026 OCT 13 A 12:53
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WISCONSIN

JEFFREY JEROME HAZUGA, Plaintiff,

v.

OFFICER TY WOODWARD, OFFICER CHARLES WELBOURN, DETECTIVE ZACHARY SCHULZ, OFFICER TIM RUE, SERGEANT BRENT ELLWANGER, CHIEF GEOFF WILLIAMS, THE CITY OF HUDSON, and BROOKE NICOLE BAUMAN, Defendants.

Case No. 26 CV 1021 WMC JURY TRIAL DEMANDED

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

1. Plaintiff Jeffrey Jerome Hazuga, proceeding pro se, brings this civil rights complaint against Defendants Officer Ty Woodward, Officer Charles Welbourn, Detective Zachary Schulz, Officer Tim Rue, Sergeant Brent Ellwanger, Chief Geoff Williams, the City of Hudson, and Brooke Nicole Bauman, alleging as follows:

## I. NATURE OF THE ACTION

2. This action arises under 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, to redress the bad-faith, retaliatory, and malicious prosecution of Plaintiff Jeffrey Jerome Hazuga in St. Croix County Case No. 2021CF000898.
3. Over a multi-year period, officers of the Hudson Police Department engaged in an ongoing course of targeted harassment, unlawful searches, and retaliatory seizures against Plaintiff, driven by an illicit, personal, and protective relationship between department officers and Defendant Brooke Nicole Bauman.
4. In Case No. 2021CF000898, Defendants Woodward, Welbourn, Schulz, and Ellwanger initiated and sustained seven felony charges—including Class C Kidnapping—grounded entirely upon an incident of criminal identity theft perpetrated by Bauman. Defendants possessed contemporaneous, objective verification that the reporting party was fraudulent, yet deliberately concealed that exculpatory evidence, suborned false preliminary hearing testimony, sealed warrants to prevent discovery of the fraud, and maintained a continuous two-year seizure of Plaintiff's liberty until he was acquitted on all counts on October 12, 2023.
5. Following Plaintiff's complete acquittal, Defendant Rue intentionally suppressed certified police records confirming Bauman's interstate pattern of false reporting to immunize state actors and their informant from exposure. These actions reflect a municipal policy and well-settled custom of deliberate indifference fostered and maintained by Defendant Chief Jeff Williams and Defendant City of Hudson.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3) (civil rights).
7. This Court has supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367(a).
8. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts, and omissions giving rise to these claims occurred in St. Croix County, Wisconsin.

## III. PARTIES

9. Plaintiff Jeffrey Jerome Hazuga is an adult resident of Dunn County, Wisconsin.
10. Defendant Officer Ty Woodward was, at all relevant times, a police officer employed by the Hudson Police Department, acting under color of state law, and is sued in his individual capacity.
11. Defendant Officer Charles Welbourn was, at all relevant times, a police officer employed by the Hudson Police Department, acting under color of state law, and is sued in his individual capacity.
12. Defendant Detective Zachary Schulz was, at all relevant times, an investigator employed by the Hudson Police Department, acting under color of state law, and is sued in his individual capacity.
13. Defendant Officer Tim Rue was, at all relevant times, a police officer employed by the Hudson Police Department, acting under color of state law, and is sued in his individual capacity.
14. Defendant Sergeant Brent Ellwanger was, at all relevant times, a supervising officer employed by the Hudson Police Department, acting under color of state law, and is sued in his individual capacity.
15. Defendant Chief Geoff Williams was, at all relevant times, the Chief of Police for the Hudson Police Department, acting under color of state law. As the final policymaker for the Department, he is sued in his individual and official capacities.
16. Defendant City of Hudson is a municipal corporation organized under the laws of the State of Wisconsin, maintaining and operating the Hudson Police Department as its law enforcement agency, and is responsible for the policies, customs, practices, supervision, and training of its personnel.
17. Defendant Brooke Nicole Bauman is an adult resident of Wisconsin who willfully conspired, coordinated, and acted jointly with state actors to deprive Plaintiff of his constitutional rights.

## IV. STATEMENT OF FACTS

### A. The Foundation of the Conspiracy and Protection Scheme (May 23, 2021)

18. On May 23, 2021, Hudson Police officers, including Defendant Officer Charles Welbourn, responded to an incident involving Defendant Brooke Nicole Bauman.

19. Department squad video captures Bauman in the rear of Welbourn's vehicle ingesting suspected narcotics on camera and subsequently registering a 0.16 BAC on a preliminary breath test while on active criminal probation.
20. Rather than arresting Bauman or reporting these probation violations, officers detained her for approximately 40 minutes off-camera, transported her to the Hudson Police Department to "freshen up," and got her a hotel room.
21. At the conclusion of this encounter, Officer Welbourn promised to text Bauman privately from his personal phone, initiating an unconstitutional quid pro quo dynamic and a deeply inappropriate personal relationship between Defendant Bauman and Officer Welbourn. This relationship became so entrenched that Officer Welbourn later attempted to testify on Bauman's behalf in other court proceedings, including a civil claim she filed in Minnesota, though he was ultimately precluded from testifying. In exchange for this informal protection and personal allegiance, Bauman served as a compliant accuser and informant against Plaintiff.

**B. The Well-Settled Pattern and Custom of Pretextual Harassment and Raids (2021–2022)**

22. The unlawful actions directed at Plaintiff in Case No. 2021CF000898 were not isolated, but were part of a systemic departmental practice of weaponizing Bauman's fabrications and manufacturing pretexts to target Plaintiff.
23. On July 3, 2021, Hudson Police officers—including Defendant Welbourn—surrounded Plaintiff's enclosed houseboat dwelling without a search or arrest warrant, deployed OC chemical spray into Plaintiff's face through a doorway without provocation or flight, breached the living quarters, violently arrested Plaintiff, and unlawfully seized and extorted his minor daughter's livestock (Hazuga v. Welbourn, et al., W.D. Wis. Case No. 3:26-cv-00506-wmc).
24. Following the unlawful July 3, 2021 raid and the seizure of Plaintiff's minor daughter's pet goats, the Hudson Police Department utilized its official government Facebook page to publicly humiliate Plaintiff. The Department shared a post confirming the impoundment and openly incited the public to mock the situation, posting the caption: *"Best caption wins a prize....."* This official solicitation of public ridicule resulted in severe online defamation against Plaintiff and demonstrates the deep-seated retaliatory animus, bad faith, and unconstitutional culture maintained by Chief Geoff Williams and the City of Hudson.
25. On May 29, 2022, after Bauman stalked Plaintiff to a commercial parking lot in Hudson and falsely called 911 to claim Plaintiff had lured her and violated bond conditions, Hudson Police dispatchers were recorded on official audio stating: "She contacted him. I do not know how they are going to twist this one!" This recording confirmed internal departmental knowledge that complaints involving Plaintiff were actively manipulated to justify enforcement action.
26. On June 17, 2022, a pretextual traffic stop of Plaintiff's Sprinter van was initiated. Twenty minutes later, over a dozen Hudson Police officers surrounded the van based on a fabricated report that Plaintiff had Bauman captive. After calling Bauman and confirming she was elsewhere, officers nonetheless conducted an involuntary, illegal hour-long warrantless vehicle search using a visible toy BB gun as a false pretext.

27. The July 2022 Houseboat Raid (Case No. 2022CF000441): On July 2, 2022, while Plaintiff was lawfully camping on his houseboat with his 12-year-old daughter, her friend, and their dog, Hudson Police officers executed a 3:00 a.m. raid. Despite Plaintiff complying with commands and positioning himself non-violently on his hands and knees, officers violently slammed him to the deck with a tactical metal shield and kicked him in the presence of the minors.
28. Plaintiff was jailed on utterly fabricated allegations of fourth-degree sexual assault and felony bail jumping. These false, severe charges were immediately broadcast in the local media, including the Pierce County Journal jail log on July 4, 2022, causing catastrophic public defamation. The alleged victim completely failed to identify Plaintiff in a photo lineup, and the charges were subsequently dismissed.
29. Following that arrest, on July 5–6, 2022, the Hudson Police Department refused to release Plaintiff's Sprinter van, citing a fabricated K-9 drug alert. Plaintiff subsequently documented and recorded Hudson officers Radker and Welbourn at 3:00 a.m. attempting to pry open the locked rear doors of the impounded van without a warrant.

**C. The Fraudulent Initiation of Case No. 2021CF000898 (October 31 – December 2, 2021)**

30. On October 31, 2021, Bauman initiated contact with Plaintiff in Hudson, Wisconsin, and the parties engaged in a consensual interaction.
31. Later, Bauman dialed 911 and explicitly identified herself as an independent third-party witness named "Cassandra Steenberg," fabricating an emergency claim that she had witnessed Plaintiff kidnap, strangle, and batter a woman.
32. The Hudson Police Computer-Aided Dispatch (CAD) system instantly identified the incoming call as originating from telephone number 651-276-9010—a number permanently cataloged in Hudson Police Department databases as belonging directly to Brooke Nicole Bauman.
33. Despite the dispatch alert establishing identity theft and fraudulent reporting, Defendant Officer Ty Woodward, with the oversight and involvement of Defendant Sergeant Brent Ellwanger, initiated a major felony kidnapping investigation against Plaintiff under the pretext of an independent eyewitness complaint.
34. On November 2, 2021, Plaintiff explicitly informed Defendant Detective Zachary Schulz in writing that Bauman claimed she was "Cassandra Steenberg," giving the Department direct notice of the identity fraud.
35. On November 9, 2021, in order to shield this fraudulent investigation from scrutiny, the State moved to seal the Search Warrant and Affidavit (21SW299), depriving Plaintiff of the ability to inspect the fraudulent basis of the prosecution. They also impounded his sprinter van and damaged the rear axle and driveline by flat towing the rig.
36. On December 2, 2021, Defendants Woodward and Welbourn signed and filed a Criminal Complaint in the Circuit Court for St. Croix County, initiating Case No. 2021CF000898, charging Plaintiff with seven felonies, including Kidnapping (Wis. Stat. § 940.31(1)(a)), Strangulation and Suffocation (Wis. Stat. § 940.235(1)), False Imprisonment, and multiple counts of Felony Bail Jumping.

**D. Perjured Probable Cause and Bad-Faith Maintenance (2022–2023)**

37. On February 1, 2022, Defendant Officer Woodward took the stand under oath at the Preliminary Hearing in Case No. 2021CF000898. Woodward testified to the veracity of the "Cassandra Steenberg" report to induce the Court to bind Plaintiff over for trial, deliberately concealing from the presiding judge that the 911 caller was Bauman and that dispatch records verified the fraud.
38. The Court bound Plaintiff over on all felony counts, subjecting him to continuous pretrial deprivations of liberty, including restrictive cash bond conditions.
39. During a subsequent recorded custodial interview, Bauman admitted directly to Defendant Schulz that she had impersonated Steenberg on the 911 call to ensure Plaintiff would be jailed on non-bondable felony charges. Schulz took no steps to correct the record or notify the court.
40. On August 29, 2022, Defendant Officer Welbourn conducted a recorded interview with the actual Cassandra Steenberg, who confirmed that she never made the 911 call, did not witness a kidnapping, and that Bauman had stolen her name.
41. In his official supplemental narrative of August 29, 2022, Officer Welbourn formally documented: *"Upon looking at the original Dispatch Cad that was created regarding this incident on 10/31/21 at 19:52:49. The caller called from the #651-276-9010. This number is listed to BROOKE and it does appear that she told dispatch she was CASSANDRA as she reported this incident."*
42. Despite this definitive confirmation of fraud, Defendants Woodward, Welbourn, Schulz, and Ellwanger refused to dismiss the charges, notify the defense, or terminate the pretrial seizure.
43. Instead, on December 20, 2022, Assistant District Attorney Brian Smestad—who was deeply involved in coordinating the continued prosecution alongside Defendants but is not named as a party herein due to absolute prosecutorial immunity—filed an official Witness List formally naming both Brooke Bauman and Cassandra Steenberg as state trial witnesses, maintaining the illusion of independent corroborate testimony despite knowing the identity was stolen.
44. On March 14, 2023, Plaintiff submitted a formal Citizen Complaint to the Hudson Police Department outlining the identity theft, the CAD dispatch logs, and Detective Schulz's intentional suppression of evidence. Defendant Chief Geoff Williams and the Department took no corrective action, conducted no internal affairs investigation, and continued to facilitate the prosecution.

**E. Favorable Termination and Post-Acquittal Cover-Up (October 2023 – September 2024)**

45. Plaintiff was forced to expend over $80,000 in defense legal fees and endure nearly two years of pretrial liberty deprivations to contest the fabricated charges.
46. A court trial in Case No. 2021CF000898 commenced on October 11, 2023, before the Honorable Scott Needham in St. Croix County Circuit Court. On October 12, 2023, Judge Needham returned formal verdicts of Not Guilty on all seven counts, completely and favorably terminating the criminal proceedings in Plaintiff's favor on the merits.
47. Following the acquittal, Plaintiff obtained certified law enforcement records from the Lubbock Police Department in Texas (Report No. T24001711), establishing Bauman's documented pattern of identity theft, witness tampering, and false criminal reports.

Plaintiff formally delivered these certified records to Defendant Officer Tim Rue, requesting that felony charges for identity theft and false reporting be forwarded to the prosecutor.

48. On April 29, 2024, Defendant Rue admitted in writing to Plaintiff: *"I heard back from the DA's office and they did not want me to send the case up. The report is written and will remain on file but per their request it will stay that way unless something changes."*
49. On September 6, 2024, Defendant Rue again admitted in writing that the investigation into Bauman "is still an informational report as the DA requested," intentionally burying certified proof of the conspiracy and perjury to insulate the City and its officers from civil liability.

## V. CAUSES OF ACTION

**COUNT I: 42 U.S.C. § 1983 – Fourth Amendment Malicious Prosecution / Unreasonable Seizure** *(Against Defendants Woodward, Schulz, Welbourn, and Ellwanger)*

50. Plaintiff re-alleges and incorporates all preceding paragraphs.
51. Defendants Woodward, Schulz, Welbourn, and Ellwanger, acting under color of state law, caused Plaintiff to be seized and subjected to criminal prosecution in Case No. 2021CF000898 without legal probable cause.
52. The seizure was initiated and maintained through intentional fraud, fabricated witness statements, and the deliberate suppression of exculpatory CAD records and witness admissions.
53. Defendants knew the initiating 911 call was fraudulent and that the primary accuser had committed identity theft, yet concealed these material facts from the judicial officer at the preliminary hearing to ensure Plaintiff's continued seizure.
54. The criminal proceedings terminated in Plaintiff's favor on October 12, 2023, by a complete verdict of Not Guilty on all counts.
55. As a direct and proximate result, Plaintiff suffered substantial deprivations of liberty, extreme emotional trauma, catastrophic legal defense costs, and devastating reputational harm amplified by the Department's coordinated publication of related false charges in local media.

**COUNT II: 42 U.S.C. § 1983 – Fourteenth Amendment Due Process / Fabrication of Evidence** *(Against Defendants Woodward, Schulz, Welbourn, and Ellwanger)*

56. Plaintiff re-alleges and incorporates all preceding paragraphs.
57. The Fourteenth Amendment guarantees that no state actor shall fabricate evidence or knowingly utilize perjured testimony to cause an individual to be deprived of liberty.
58. Defendants fabricated the existence of an independent complaining witness ("Cassandra Steenberg"), knowingly introduced false charging narratives, and presented perjured testimony at the preliminary examination.
59. Defendants intentionally concealed known exculpatory dispatch records and out-of-state records demonstrating that the criminal allegations were fabricated.

60. This bad-faith fabrication directly caused Plaintiff's prolonged pretrial seizure and defense ordeal, violating his fundamental due process rights.

**COUNT III: 42 U.S.C. § 1983 – Civil Rights Conspiracy** *(Against All Defendants)*

61. Plaintiff re-alleges and incorporates all preceding paragraphs.
62. Defendants Woodward, Welbourn, Schulz, Rue, Ellwanger, Williams, Bauman, and non-party prosecutors reached an understanding and a mutual meeting of the minds to violate Plaintiff's constitutional rights.
63. The illicit understanding was catalyzed by the May 23, 2021 encounter, wherein Hudson officers agreed to protect Bauman from criminal enforcement, further solidified by a personal relationship with Officer Welbourn, in exchange for manufactured allegations against Plaintiff.
64. In furtherance of this conspiracy, Defendants committed overt acts, including: a. Generating fraudulent incident reports based on stolen identities; b. Sealing search warrants to conceal identity theft; c. Giving deceptive testimony at preliminary hearings; d. Concealing admissions of identity fraud; e. Executing pretextual, violent raids based on fabricated intelligence; and f. Explicitly classifying verified criminal reports against Bauman as purely "informational" to protect state actors from civil liability.

**COUNT IV: 42 U.S.C. § 1983 – Failure to Intervene** *(Against Defendants Welbourn, Schulz, Rue, and Ellwanger)*

65. Plaintiff re-alleges and incorporates all preceding paragraphs.
66. Each individual officer defendant had a constitutional duty to intervene to prevent the ongoing deprivation of Plaintiff's constitutional rights when they observed that felony charges were maintained without probable cause and through fabricated testimony.
67. Despite having actual knowledge of the dispatch log verification, Bauman's confessions, and Steenberg's statement, each officer had a realistic opportunity to disclose the truth and terminate the malicious prosecution, but intentionally failed to do so.

**COUNT V: 42 U.S.C. § 1983 – Monell Municipal Liability (Systemic Custom & Failure to Supervise)** *(Against Defendant City of Hudson and Defendant Chief Jeff Williams)*

68. Plaintiff re-alleges and incorporates all preceding paragraphs.
69. The constitutional injuries inflicted upon Plaintiff were the direct and proximate result of well-settled customs, policies, and practices maintained by Defendant City of Hudson and Defendant Chief Geoff Williams, who acted with deliberate indifference toward the constitutional rights of citizens.
70. As the final policymaker, Chief Geoff Williams had actual or constructive knowledge of these widespread constitutional violations, yet maintained unconstitutional customs including: a. Systemically tolerating and encouraging corrupt alliances and personal relationships between patrol officers and criminal informants, permitting officers to grant informal immunity from prosecution; b. Failing to train, supervise, or discipline officers regarding the absolute constitutional obligation to disclose exculpatory CAD records,

dispatch data, and identity theft under the Fourth and Fourteenth Amendments; c. Maintaining a standard operating procedure of burying internal citizen complaints regarding officer perjury and evidence suppression without investigation; and d. Subordinating police investigative duties to prosecutorial cover-ups by designating verified criminal complaints against favored informants as permanently "informational" to suppress civil liability.

71. This widespread practice of constitutional violations is demonstrated by a vast public record of litigation involving the Hudson Police Department, including the formal filing of federal civil rights complaints against these exact officers for parallel abuses, as documented in St. Croix County Circuit Court Case No. 2026CV000375 (Exhibits A, C, and D).
72. The pattern is further evidenced by the continuous use of extreme, unwarranted force against Plaintiff based on known false reporting, explicitly including the July 2, 2022, 3:00 a.m. raid where compliant Plaintiff was violently struck with a shield in the presence of his minor daughter, followed immediately by fabricated vehicle impoundments based on demonstrably false K-9 alerts, and the Department's official use of social media to mock the seizure of Plaintiff's property and incite public ridicule.
73. These systemic municipal customs, and Chief Williams' failure to intervene or correct them, were the moving force behind the violation of Plaintiff's constitutional rights.

**COUNT VI: Supplemental State Law Claims – Malicious Prosecution, Defamation, and Intentional Infliction of Emotional Distress** *(Against Defendant Brooke Nicole Bauman)*

74. Plaintiff re-alleges and incorporates all preceding paragraphs.
75. Bauman knowingly initiated and procured criminal proceedings against Plaintiff by stealing the identity of Cassandra Steenberg and lodging false felony allegations without probable cause.
76. Said proceedings terminated in Plaintiff's favor on October 12, 2023.
77. Bauman's statements were defamatory per se, published to third parties, and constituted extreme and outrageous conduct that intentionally caused severe emotional distress, catastrophic financial loss, and severe reputational harm.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jeffrey Jerome Hazuga respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, granting the following relief:

A. **Special Damages:** An award of actual economic damages, including the $80,000.00 expended in legal defense costs, along with related property and expert expenses; B. **Compensatory Damages:** An award of general damages for the deprivation of physical liberty, loss of constitutional rights, severe emotional distress, reputational injury, and physical trauma in an amount to be proven at trial; C. **Punitive Damages:** An award of substantial punitive damages against Defendants Woodward, Welbourn, Schulz, Rue, Ellwanger, Williams, and Bauman in their individual capacities, in an amount sufficient to punish their willful, malicious, and corrupt misconduct and to deter future violations; D. **Attorneys' Fees and Costs:** An award

of reasonable litigation costs, filing fees, and, to the extent applicable, statutory fees under 42 U.S.C. § 1988; and E. **Other Relief:** Such other and further legal or equitable relief as this Court deems just and proper.

**VII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues and claims so triable.

Dated this 9th day of October, 2026.

Respectfully submitted,

Jeffrey Jerome Hazuga, Pro Se

Plaintiff N6894 690th Street Menomonie, Wisconsin 54751

Telephone: (715) 309-3614

Email: Hazuga90@gmail.com

C. JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $________________.

D. RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

Plaintiff Seeks: Compensatory Damages to be determined at trial.

Punitive Damages against the individual defendants.

Declaratory and Injunctive relief as deemed by the Court.

Costs and attorney's fees pursuant to 42 U.S.C. 1982

Such other and further relief as the Court deems proper.

E. JURY DEMAND

☒ Jury Demand - I want a jury to hear my case

OR

☐ Court Trial – I want a judge to hear my case

Dated this 9th day of October 20 26.

Respectfully Submitted,

[signature]
Signature of Plaintiff

715-309-3614
Plaintiff's Telephone Number

Hazuga90@gml.com
Plaintiff's Email Address

N6894 690th St.
Menomonie, WI 54751
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.